IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AZANIAH BLANKUMSEE, # 326-698     *
                                                  *
Plaintiff,                                 *
                                                  *
v                                                       *     Civil Action No.  PWG-13-970
                                                  *
WASHINGTON COUNTY, MARYLAND    *
   OFFICE OF STATES ATTORNEY,      *
WASHINGTON COUNTY, MARYLAND    *
   HAGERSTOWN POLICE DEPARTMENT *
                                                 *
Defendant                           *
                                                 ***

## MEMORANDUM

       Azaniah Blankumsee, an inmate at North Branch Correctional Institution, filed this civil rights complaint under 42 U.S.C. § 1983 on April 1, 2013, alleging that defendants unlawfully charged and detained him in 2004 on charges of first-degree murder.  As redress, he requests compensatory and punitive damages.  For the purpose of preliminary review, the court will grant Blanksumsee leave to proceed in forma pauperis because he has neither provided the filing fee nor submitted a motion to proceed as an indigent in this case.

       After screening the complaint pursuant to 28 U.S.C.  §§ 1915 and 1915A, the court finds it subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). "[W]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck* 512 U.S. at 477).  To recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm whose unlawfulness would render a conviction or sentence

invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Blankumsee provides no evidence his conviction or sentence were invalidated.

Mindful that plaintiff is self-represented, the court has liberally construed his pleading. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a pro se complaint, plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, (2007)).  Liberal construction does not mean, however, that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  Absent of any evidence the criminal conviction at issue has been invalidated or reversed, the complaint shall be dismissed without prejudice by separate order to follow.

_____  4/15/2013
Paul W. Grimm
United States District Judge